**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**AZAYVIAN LASHUN RUSSELL**                                                    **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:21-CV-134-HTW-LGI**

**CITY OF NEWTON,**
**NEWTON COUNTY**                                                    **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court upon the Plaintiff's failure to appear at the *Spears* hearing set in this matter, and upon his failure to comply with the Court's Orders [3], [4], [8], [10], [12], and [27]. Based on the record and applicable law, the undersigned recommends that this matter be dismissed without prejudice.

**STANDARD**

This Court may dismiss an action if "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). Federal Rule of Civil Procedure 41(b) also authorizes this Court to dismiss such an action "*sua sponte* for failure to prosecute or comply with a court order." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders.").

## ANALYSIS

In this case, Plaintiff failed to comply with the Court's Order [27] to appear for the *Spears* hearing set for Wednesday, May 18, 2022 at 3:00 pm. Attorney Lance Martin appeared in person at the Court on behalf of Defendant Newton County and Attorney Loden Walker appeared in person at the Court on behalf of Defendant City of Newton. Plaintiff failed to appear at the hearing despite being advised that, upon release from custody, it was his responsibility to appear at the hearing. Plaintiff was warned in the Court's Orders [3], [4], [8], [10], and [12] that:

> It is Plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by Plaintiff and may result in the dismissal of this case.

Doc. [12] at 2. Despite this warning, Plaintiff's mail has been returned undeliverable since December 2021 and Plaintiff failed to appear for the *Spears* hearing set for Wednesday, May 18, 2022 at 3:00 pm.

As a result, this Court has authority to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 41(b) due to his failure to comply with the Orders [3], [4], [8], [10], [12], and [27]. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014).

Given the authority surrounding this issue, Plaintiff's failure to comply with the Court's Orders [3], [4], [8], [10], [12], and [27] constitutes failure to prosecute his claims. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). Therefore, *sua sponte* dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that this lawsuit be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 24th day of May, 2022.

 /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE